UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MING YEN HOU,

                                  Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

                                Defendant.

------------------------------------------------------------------ x

**DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 54(b)**

98 Civ. 1518 (LBS)(HBP)

        **RIPPI GILL,** declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

        1.    I am the Assistant Corporation Counsel assigned to defend the above-referenced action. This declaration is submitted in response to plaintiff's January 10, 2006, motion for: (1) a certificate pursuant to Rule 54(b); and (2) for an order declaring "final" this Court's July 7, 2004, interlocutory order; and (3) directing the entry of judgment as to the claims dismissed in the July 7, 2004, interlocutory order. The July 7, 2004, order adopted the Report and Recommendation of Magistrate Judge Pitman, dated February 14, 2004, ("Report") and dismissed several claims in this case. Apparently, plaintiff seeks to immediately appeal these dismissed claims to the Second Circuit while the remainder of the case proceeds in the District Court. See generally Plaintiff's Notice of Motion, Affirmation of Susan B. Egan, dated January 10, 2006, and Plaintiff's Memorandum of Law, dated January 10, 2006.

        2.    As a preliminary matter, plaintiff's counsel has made the motion returnable on January 21, 2006; however, that day falls on a Saturday and is therefore returnable today, Monday, January 23, 2006. See Rule 6. Counsel also has noticed defendant's response to

the motion to be served on or before January 23, 2006. See Plaintiff's Notice of Motion, dated January 10, 2006. However, these deadlines are not in accordance with the Local Rules governing non-discovery motions. See Local Rule 6.1(b) of the Civil Rules of the Southern District of New York. In particular, under Local Rule 6.1, the party opposing the motion should be given at least "ten business days" to respond to the motion. As such, defendant is not required to respond to plaintiff's motion until January 24, 2006. Moreover, defendant is also entitled to three additional days due to mailing, which gives defendant until January 27, 2006 to respond to plaintiff's motion. See Rule 6(e). Plaintiff's motion fails to conform with the any of the applicable rules of civil procedure and should, for this reason standing alone, be denied.

3. Plaintiff, a former Associate Chemist with the Department of Environmental Protection ("DEP"), brought this action in 1998 under Title VII (42 U.S.C. §§ 2000e, et seq.), the ADEA (Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634), and New York State and City Human Rights Laws, alleging that she was discriminated against because of her race (Asian), national origin (Chinese), and age. Specifically, plaintiff alleged that she was denied promotions and subjected to unfair treatment based on her Chinese ancestry and that the promotions were given to individuals from Indian descent. Finally, plaintiff alleged that she was retaliated against for filing internal and external complaints of discrimination.

4. On February 17, 2004, Magistrate Judge Pitman issued the Report which recommended granting summary judgment in part and denying summary judgment in part. In particular, Judge Pitman recommended dismissal of plaintiff's ADEA claims and all of plaintiff's claims pertaining to alleged denials of promotions in 2000 and 2001. See Exhibit "A," annexed to plaintiff's Affirmation of Susan B. Egan ("Egan Aff.")("Report").

5. By order, dated July 7, 2004, this Court adopted the Report in its entirety.

6.   One and one-half years following the July, 2004, order, plaintiff brings the instant motion pursuant to Rule 54(b) seeking to sever the dismissed claims so that the July 7th order may be appealed now.

7.   Defendant objects to plaintiff's extremely belated attempt at this juncture to <u>once again</u> revisit Judge Pitman's Report and the Court's July 7, 2004 order.

8.   Rule 54(b) provides an exception to the general principle that a final judgment is proper only after all claims have been adjudicated. It empowers the District Court to enter a final judgment on fewer than all of the claims in an action, but "only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54 permits, in effect, an immediate appeal of an interlocutory order. Accordingly, the Supreme Court has held that respect for the "'historic federal policy against piecemeal appeals,'" be exercised sparingly. <u>Curtiss-Wright Corp. v. General Electric Corp.</u>, 446 U.S. 1, 8 (1980)(quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 438 (1956)). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." <u>Id.</u>; <u>Harriscom Svenska AB v. Harris Corp.</u>, 947 F.2d 627, 629 (2d Cir. 1991).

9.   A certification under Rule 54(b) should be granted if and only if there are "interest[s] of sound judicial administration" and efficiency to be served, or, in the "infrequent harsh case," where "there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" <u>Harriscom Svenska AB v. Harris Corp.</u>, 947 F.2d at 629-30 (citations omitted). In general, a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should <u>not</u> be granted "if the same or closely related issues remain to be litigated." <u>Id.</u> Otherwise, Rule 54 will become simply a device to evade the restrictions on

interlocutory appeal. See, e.g., 42 U.S.C. § 1291; Cohen v. Beneficial Industrial Loan, 337 U.S. 541 (1949); Cuomo v. Barr, 7 F.3d 17, 19 (2d Cir. 1993).

10. In her motion papers, plaintiff claims that her ADEA claims are not related to her Title VII claims, and that her 2000 and 2001 promotion claims are separate and distinct from her failure to promote claims prior to 1998. However, the core of plaintiff's Rule 54(b) motion is that plaintiff is 75 years old and not in good health, and that the possibility of two trials (in the unlikely event that the Court's July 7, 2004 Order is reversed) poses a significant risk of hardship on plaintiff. See generally Plaintiff's Memorandum of Law, at 5. Plaintiff's contentions are without justification and without merit.

11. As a preliminary matter, plaintiff's Rule 54(b) motion is untimely, coming more that 17 months after this Court rendered its July 7, 2004, decision. Indeed, this Court has recently held a plaintiff's Rule 54(b) motion to be untimely, where it was came more than 14 months after the decision. See Nat'l Oil Well Maint. Co. v. Fortune Oil & Gas, Inc., 2005 U.S. Dist. LEXIS 31570 (S.D.N.Y. 2005)(Sand, J.)("The attempt to obtain final judgment on the August 23, 2004 portion of this case is made without any type of justification. Nor is the claim timely, coming more than 14 months after the August 2004 decision. The interests of 'sound judicial administration,' require that the case proceed without any additional delay or piecemeal appeals")(citations omitted)). Therefore, plaintiff's Rule 54(b) motion must be denied.

12. Plaintiff also fails to demonstrate any significant hardship warranting a disfavored piecemeal appeal of her ADEA claims. Indeed, with respect to plaintiff's ADEA claim, Judge Pitman held that:

> plaintiff's sole argument with respect to age appears to be that she was forced to perform inventory despite her age. As defendant correctly points out, plaintiff's real claim here is not that plaintiff was

> treated differently because of her age, but rather, that defendant failed to treat her preferentially because of her age. Plaintiff admitted fairly directly that her real objection with doing inventory work was her age and attendant physical limitation: 'I wasn't especially strong. I was [a] senior citizen. How could he do that to me[?]' Plaintiff then stated that she should not have been given the assignment because 'senior citizen[s] . . . are not supposed to do that kind of strenuous work.' Plaintiff offers no evidence that age-based animus played a role in any of the other adverse employment actions plaintiff alleges. . . . To the contrary, [plaintiff] concedes in her deposition that similarly situated individuals outside of her protected class were requires to perform the same type of work. The purpose of the ADEA is to prohibit employers from treating persons forty years of age or older differently because of their age, not to prevent older workers from being assigned to the undesirable tasks given to younger workers. Accordingly, plaintiff's claims under the ADEA should be dismissed.

Report, which is annexed to Egan Aff. as Exhibit "A," at 43-45. Thus, it is clear that plaintiff's age claims were dismissed because plaintiff failed to establish that she was being treated differently due to her age and, therefore, she failed to state an ADEA claim. That being said, it is doubtful that a piecemeal appeal to the Second Circuit on plaintiff's ADEA claims would lead to a second trial in the event that plaintiff appeals these claims at a later date when final judgment has been rendered as to all of plaintiff's claims.

    13. With respect to her promotion claims, plaintiff alleges in her complaint that she was not promoted in 1998 due to her Chinese ancestry. Plaintiff, in response to the summary judgment motion, sought to join to this case new claims of failure to promote in 2000 and 2001 allegedly due to her Chinese ancestry. Plaintiff now contends that her 2000 and 2001 failure to promote claims are so unrelated to the 1998 failure to promote claims that these claims can be severed under Rule 54. Ironically, plaintiff previously claimed, and it can be expected

will claim if and when there is an appeal, that the 1998 and 2000 and 2001 failure to promote claims are so inextricably intertwined that the presence of the former in the complaint permits the assertion of the latter without notice. In short, plaintiff cannot claim that they are intertwined in one breadth and severable in the next.

14. Indeed, with respect to plaintiff's claim involving the denials of promotion in 2000 and 2001, Judge Pitman held the following:

> There is no mention of these promotions in plaintiff's complaint, and plaintiff has not made a motion to amend her complaint to include these claims. While I appreciate that Rule 15 of the Federal Rules of Civil Procedure provides for liberal amendment of complaints, there must be at least some notice to the opposing party, a complaint cannot be a moving target. . . . Accordingly, these claims are not properly before the court for consideration. To the extent that plaintiff is alleging she was not promoted in 2000 and 2001 as a result of an illegally delayed 1997 promotion to Associate Chemist, events occurring in 2000 and 2001 may be relevant to damages. They are not, however, properly before the Court as separate and distinct discriminatory acts.

Report which is annexed to Egan Aff. as Exhibit "A," at 37 n.8.

15. Nor can it be assumed simply from plaintiff's age that expedition is imperative in this case. Indeed, judicial economy will best be served by delaying appeal until all issues can be confronted by this Court in a unified package, especially where, as here, the adjudicated and pending claims are closely related and where plaintiff cannot demonstrate that two trials (which is doubtful given the factual circumstances of this case) would be duplicative. See In re Donnkenny Inc. Sec. Litig., 1998 U.S. Dist. LEXIS 8502 (S.D.N.Y. 1998)("Considerations of judicial economy do not support Rule 54(b) certification in this case. Given the factual differences between the claims against Donnkenny and its officers and the

claim against Peat Marwick, it is questionable whether a separate trial for Peat Marwick would be duplicative. Notably, at oral argument, plaintiffs were unable to specify how two trials, if necessary, would actually be duplicative"). Accordingly, plaintiff has failed to demonstrate any significant hardship requiring a piecemeal appeal as to these claims.

16. For these reasons, plaintiff's Rule 54(b) motion must be denied in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: January 23, 2006
New York, New York

_____
**RIPPI GILL** (RG 5338)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MING YEN HOU,

                                      Plaintiff,

               -against-                                  98 Civ. 1518 (LBS)(HBP)

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

                                      Defendant.

------------------------------------------------------------------ x

## CERTIFICATE OF SERVICE

       Rippi Gill declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that on January 23, 2006, she caused a true and correct copy of the following document: Declaration in Opposition to Plaintiff's Motion Under Rule 54(b) to be served upon "Susan Egan, Attorney for Plaintiff, 258 Broadway, Ste 8E, New York, NY 10007" by depositing a copy of the same, enclosed in a first class postage paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the same at the above address.

Dated:      New York, New York
              January 23, 2006

                                                                             Rippi Gill (RG 5338)
                                                                             Assistant Corporation Counsel

Docket No. 98 Civ. 1518 (LBS)(HBP)

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
|---|
| MING YEN HOU,<br><br>                                                    Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>                                                    Defendant. |
| **DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 54(B)** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Rippi Gill*<br>*Tel: (212) 788-0895*<br>*NYCLIS No. 98GL000146* |
| *Due and timely service is hereby admitted.*<br>*New York, N.Y.................................................., 200*<br>*.................................................................. Esq.*<br>*Attorney for..............................................................* |

- 9 -