UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MING YEN HOU,
                    Plaintiff

                    98 Civ. 1518
                    (LBS) (HBP)

    -against-

                    **DECLARATION OF**
                    **SUSAN B. EGAN**
NEW YORK CITY DEPARTMENT OF   **IN SUPPORT OF**
ENVIRONMENTAL PROTECTION,        **MOTION UNDER**
                    **RULE 54(b)**
                    Defendant.

-----------------------------------------------------------X

       **SUSAN B. EGAN**, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1.    I am counsel to plaintiff Ming Yen Hou in the captioned proceeding. I submit this declaration in response to the answering declaration of counsel for defendant New York City Department of Environmental Protection ("the City"), Rippi Gill, and in further support of Ms. Hou's motion under Fed. R. Civ. P. 54(b) to certify for appeal this Court's decision respecting plaintiff's claims under the ADEA and her claims concerning promotions she was denied after 1998 when the complaint was filed.

       2.    If the Court had rejected the evidence plaintiff offered in support of her ADEA and post filing promotions claims, there would be no need to request an interlocutory appeal under Fed. R. Civ. P 54(b). The Second Circuit could consider <u>all</u> of the evidence with regard to <u>all</u> of Ms. Hou's claims at the same time.

       3.    But the Court decided these claims without considering the evidence offered in their support. Thus, the Second Circuit can only review whether the evidence

should have been considered. If it concludes that it should have been, then the ADEA and post filing promotions claims have to go back to the District Court for reconsideration taking the evidence into account. This will necessarily result in a second decision on a motion, a second trial and/or a second appeal once the evidence is considered.

4.  This is a complete waste of judicial resources and adds significantly to plaintiff's costs in terms of time and money in pursuing her claims. It is precisely because all of Ms. Hou's claims should be considered together that we urge the Court to give the Second Circuit the opportunity to consider whether the Court's failure to consider the evidence in support of these claims was in error before her other claims go to trial.

Plaintiff's ADEA Claim

5.  Judge Pitman recommended and this Court agreed that summary judgment be granted the City on Ms. Hou's ADEA claims because "her sole argument with respect to age appears to be that she was forced to perform inventory despite her age (Hou Depo. at 588-89)." Pitman Recommendation p. 43.

> As defendant correctly points out, plaintiff's real claim here is not that plaintiff was treated differently because of her age, but rather, that defendant failed to treat her preferentially because of her age.
> Def. Memo of Law at 12
>
> Ibid.

6.  However, this ignores Ms. Hou's declaration in opposition to the City's motion for summary judgment in which she described, with respect to each promotion for which she was qualified, that the position was given to someone younger than she. See ¶¶ 14, 15, 16, 30. Ms. Hou also explicitly stated in her complaint that the City further

2

discriminated against her by making promotion decisions in derogation of her accrued seniority.

> And I have the highest seniority among all the present chemists of the Bureau. Mr. Sarikhani (Ms. Hou's supervisor) only got about 5 years of seniority, (his seniority as a provisional only could count as 9 months), but I have nearly 24 years of seniority as a chemist for the City government, all the years I have been on Civil Service.
>
> Complaint, p 4-----5

7. The City was certainly aware that Ms. Hou's complaint alleged that the promotions violated her rights under the ADEA as well as being racially discriminatory. The City admitted in its answer that Ms. Hou has 24 years of seniority which is the highest seniority of any of the chemists in the lab.

8. Further, her ADEA allegations have been the subject of discovery. Indeed, in response to one of plaintiff's motions to compel, Judge Pitman ordered the City to provide the **ages** and qualifications of 15 people who were promoted ahead of her. See Judge Pitman's order of June 24, 1999.

9. Notwithstanding, the City's memorandum in support of its motion for summary judgment characterized Ms. Hou's ADEA claim as follows:

> Indeed, with respect to plaintiff's age discrimination claim, plaintiff has conveyed that the problem was not that she was treated differently because of her age, but rather that defendant failed to treat her differently based on her age.
>
> Defendant's Moving Brief, p. 12

10. There can be no question that Judge Pitman adopted the City's description of Ms. Hou's ADEA claim and did not consider the evidence she submitted on the promotions of those younger and less qualified than herself in arriving at his recommendation that her ADEA claims be dismissed.

3

Plaintiff's Post Filing Promotion Claims

11. Concerning Ms. Hou's claims respecting promotions she was denied after the complaint was filed, Judge Pitman recommended and this Court agreed that promotions denied Ms. Hou in 2000 and 2001 were not to be included in the action. In so ruling, Judge Pitman relied upon the City's assertion in its memo of law that plaintiff was raising these promotions for the first time in opposition to the City's motion for summary judgment.

12. In fact, however, these promotions were the subject of discovery. Ms. Hou requested information respecting these promotions and received it. Though they were not included in the complaint, the filing of which predated these promotions, the complaint explicitly said that it was to include

> Any further discriminating actions during the course of the legal action. That means this includes all the discriminations and retaliation all the way to the time of trial.

13. Plaintiff has never claimed, as Gill alleges in paragraph 13 of her declaration, that she was entitled to raise the post filing promotions because they were "inextricably intertwined" with the earlier promotions. It has always been plaintiff's contention that the City knew perfectly well that the plaintiff was complaining about the 2000 and 2001 promotions as well as the earlier ones. One can only assume that in its papers in support of its motion for summary judgment, the City deliberately misrepresented the record before the Court.

14. Ms. Hou tried to bring her evidence respecting both claims to the Court's attention in her objections to Judge Pitman's recommendations dated June 9, 2004. Her

objections were not in the usual format because she was no longer represented by counsel and wrote and submitted her objections pro se.

15.     The City scoffs at Ms. Hou's age and the expense of duplicative proceeding as "hardships" which could be avoided by permitting an appeal of the ADEA and post filing promotion decisions now.  Yet those are precisely the hardships the court in *United States Fidelity & Guaranty Company*, 2001 WL 585541 (S.D.N.Y. 2001) at 1, found sufficient to warrant the granting of a 54(b) application.  See Main Memorandum in support of motion at page 5.

16.     For all of the foregoing reasons and those stated in the moving memorandum of law and affirmation, plaintiff urges the Court to grant plaintiff's application under Fed. R. Civ. P. 54(b).

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        January 26, 2006

_____
Susan B. Egan (2554)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MING YEN HOU,

                Plaintiff

                                                      98 Civ. 1518
                                                      (LBS) (HBP)

        -against-

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
                Defendant.
_____X

### CERTIFICATE OF SERVICE

      Susan B. Egan declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on January 26, 2006 she caused a true and correct copy of the following document: **Declaration of Susan B. Egan in Support of Motion Under Rule 54(b)**, to be served upon counsel for defendant by depositing copy thereof in an official depository under the exclusive care and custody of the **U.S. Postal Service** within the State of New York addressed to:

        **Rippi Gill, Esq.**
        **Assistant Corporation Counsel of**
        **The City of New York**
        **Labor and Employment Law Division**
        **100 Church Street**
        **New York, NY 10007**

Dated:  New York, New York
          January 26, 2006

                                                      _____
                                                      Susan B. Egan (2554)