UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MING YEN HOU,

                                                   :          OPINION

                Plaintiff,      :          98 Civ 1518 (LBS)

   -against-                                 :

NEW YORK CITY DEPARTMENT OF    :
ENVIRONMENTAL PROTECTION,

                Defendant.     :

---------------------------------------------------------------x

SAND, District Judge

        Plaintiff brought this action pursuant to 42 U.S.C. § 200e, et seq ("Title VII"), New York State Executive Law, Section 296, et seq. ("State Human Rights Law") and the New York City Civil Rights Law, Section 8-101 et seq of the Administrative Code of the City of New York ("City Human Rights Law"). Although from time to time during the overly protracted length of this litigation plaintiff was represented by counsel (all of whom she either discharged or who withdrew) she appeared *pro se* during the trial conducted from March 26, 2007 to April 2, 2007. In recognition of plaintiff's *pro se* status, the Court endeavored to give plaintiff broad latitude in the presentation of her case.

        Plaintiff was employed as a chemist for the New York City Department of Environmental Protection, a position from which she has since retired as an Associate Chemist, Level 1.

        Plaintiff alleged: (1) that her promotion to Associate Chemist, Level I, on November 24, 1997 was delayed due to discrimination based on her race (Asian) and national

origin (Chinese); (2) that she was subjected to disparate treatment on the bases of her race and national origin; and (3) that she was retaliated against for filing an internal EEO complaint, for filing a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about November 6, 1997 and amended on or about December 8, 1997 and/or for filing the instant federal lawsuit on or about March 2, 1998.

## I.  Alleged Delayed Promotions

Plaintiff has failed to sustain her claim that her promotion was delayed, let alone having failed to show that such action was discrimination based on her race (Asian) and national origin (Chinese).

The evidence indicated that pursuant to the uniform practices at the DEP no employee was eligible for promotion to Associate Chemist, Level 1 prior to the DEP's "pooldate", i.e. the date the DEP interviews candidates from the civil service list to determine whether a candidate will be promoted off of the civil service list.  Plaintiff was interviewed during this process on November 12, 1997 and Fay Jacques, Chief of Lab Support Systems and Trikam Patel, who headed the lab at which plaintiff worked agreed that plaintiff should be picked from the civil service list as as Associate Chemist.  Plaintiff was advised that the promotion would be effective as of November 24, 1997, the same date as the promotion of all other eligible promotees.

Plaintiff's allegations of racial or ethnic discrimination are not supported by any evidence whatsoever.  Nor is there any merit in her claim that she should have replaced her supervisor as the Lab Director of the Special Projects Lab.  Plaintiff confuses Civil Service status with titles not dependent on Civil Service rating.

### Failure to Promote

The 1990, 1992 and 1993 claims of denial of discretionary promotions were held to be time barred by Magistrate Pittman in his Report and Recommendation, Feb. 17, 2004 which this Court adopted and approved.

The record of these proceedings is, however, relevant to the background and history of plaintiff's role at the DEP. As early as 1975 records reflect that plaintiff was regarded as being difficult to work with, engaging in disruptive belligerent behavior, challenging authorities and having a sensitive volatile disposition.

Plaintiff displayed throughout her employment at the DEP that she was an ambitious and inquisitive employee seeking to expand her knowledge of the work of the DEP lab. However, her co-workers and superiors believed she also exhibited a lack of person-to-person skills. She was not regarded as a team player and her challenges to authority and her own prejudices were not appreciated. This perception of plaintiff is reflected in reports and documents throughout her history at DEP. What is lacking, however, is any evidence that the hostility displayed towards plaintiff was racially or ethnically motivated.

### Remaining Claims

Plaintiff's remaining claims do not require extended discussion. Plaintiff's claims of disparate treatment because she is Chinese are not supported by the evidence she has presented. Hou claims that she was not given the instruction and training she sought also lack any evidence of racial or ethnic discrimination. There is no evidence of retaliation because she claimed discrimination, nor that she was deterred from making further complaints.

Conclusion

The history of Plaintiff's experiences at DEP is a sad story. It is very much regretted that for reasons stated above so much time has elapsed since the complaint was first filed and trial.

The Court is satisfied that Plaintiff has been given every reasonable opportunity to seek to prove that everything that happened to her at DEP that was not to her liking was the result of racial and ethnic discrimination. The Court has considered all of Plaintiff's many complaints and finds that she has failed to furnish any convincing evidence that they resulted from discrimination.

The Court finds that after a trial, Plaintiff has woefully failed to present any evidence in support of her claims of discrimination or retaliation. Judgment shall enter for the Defendant[1].

SO ORDERED.

Dated:    New York, New York
          June 19, 2007

_____
U.S.D.J.

---

[1] Defendant had moved for judgment under FRCP 50 which relates to jury trials and has no relevance here.



COPIES MAILED TO ALL PARTIES
6-19-07  GY